CLARK. C.J., concurring.
Civil action, submitted on an agreed statement of facts, to determine the regularity of certain highway bonds of Ashe County.
The following facts, taken from the case agreed, will suffice for our present decision: *Page 506 
"1. That on 3 November, 1921, the defendant board passed a resolution authorizing the issuance of $365,000 highway bonds of Ashe County, under the authority of chapter 467, Public-Local Laws 1919, as amended 3 February, 1921, bearing interest at 6 per cent per annum, payable semiannually, with fixed serial maturities, providing in said resolution for a sinking fund for the payment of said bonds and determining that no bonds should be redeemed at the option of the county or any officer or board thereof before the date of such serial maturities, respectively, and directing the board's secretary, defendant herein, to advertise said bonds for sale upon sealed bids to be received 3 December, 1921, further providing that not only the bonds themselves but the advertisement of sale should specifically recite that said bonds would not be redeemable before said serial maturities.
"2. That all acts, conditions, and things required by the Constitution and laws of North Carolina in connection with the issuance of said bonds, up to and including the said authorizing resolution and direction to advertise, have happened, exist and have been performed except that the plaintiff and defendants are not agreed upon any one of these three questions, the defendants contending that said questions should be answered in the affirmative, and the plaintiff contending that they should be answered in the negative:
"(a) Whether said bonds will be within the debt limit?
"(b) Whether the county may irrevocably waive any right to redeem the bonds before their fixed maturities?
"(c) Whether the interest payments may be made semiannually?"
His Honor, being of opinion that all three of these questions should be answered in the affirmative, as contended by the defendants, entered judgment accordingly, and plaintiff appealed.
We will omit any consideration of the first (475) question, as we understand a negative answer to either the second or third inquiry will render it impracticable for the defendants to proceed further with a sale of the present bonds.
Chapter 467, Public-Local Laws 1919, under authority of which the bonds in question are to be issued, contains the following provision with respect to their payment: "It shall be the duty of said board of road commissioners, . . . not later than five years after the issue of said bonds, to begin, in the discretion of the board of road commissioners, the payment of said bonds or the creation of a *Page 507 
sinking fund for the payment of the principal of said bonds at their maturities."
In the case of Comrs. v. Bank, 181 N.C. 347, speaking of this identical provision, it was said: "The present board cannot estop the option which, under the statute, they or their successors may exercise." To hold otherwise would be to allow the board of road commissioners to amend the statute and to issue bonds of a different kind and tenor than those contemplated by the Legislature. The authority to issue the proposed bonds is derived from the statute, and its limitations and conditions are equally as effective and curbing as its enabling provisions are life-giving.Proctor v. Comrs., ante, 56. Under these decisions we think the second question must, therefore, be answered in the negative, rather than in the affirmative.
Again, section 11 of the act under consideration provides that the interest coupons attached to said bonds shall be "payable annually"; and further, in section 12, "it shall be the duty of said board of road commissioners to pay the annual coupons on said bonds, at the time and place thereon fixed." Hence, under the express terms of the statute, we think the bonds should be issued with "annual" rather than "semiannual" interest coupons attached.
From the foregoing it follows that the second and third questions propounded must be answered in the negative, or in accordance with the plaintiff's contention; and this will be certified to the Superior Court.
Error.