Civil action to restrain the defendants from levying and collecting certain special school taxes in Brown Marsh Township School District, Bladen County, upon the alleged ground that the elections under which said taxes were approved by a majority of the qualified voters resident within the district were illegally held, and are therefore void.
From an order denying the application for injunctive relief, plaintiffs appealed.
It is alleged in the complaint and admitted in the answer that on 25 April, 1921, the whole of Brown Marsh Township, Bladen County, comprising four nonspecial tax districts and one special tax district, was consolidated by the board of education of said county into one township high school district. Thereafter, on 6 June, 1921, an election was ordered in said consolidated district, or township, to ascertain the will of the people in regard to levying "a special annual tax of not more than 30 cents on the $100 valuation of property and 90 cents on each poll within said district to supplement the public school funds, which may be appropriated to such district by the county board of education for the maintenance and running of a proper school therein."
At the same time another election was ordered to be held in said district for the purpose of ascertaining whether or not a majority of the qualified voters resident in the district wished to approve a bond issue *Page 276 
to the amount of $25,000 for the purpose of building, rebuilding, and repairing the schoolhouses therein, and furnishing the same with suitable equipment, and thereupon to authorize the levy and collection of an annual tax of not more than 30 cents on the $100 valuation of property and 90 cents on each poll in said district for the purpose of paying the interest on an creating a sinking fund for the retirement of said bonds at maturity.
These elections were held together on 12 July, 1921, and both resulted in a favorable majority vote, not only in the territory of the original special tax district and nonspecial tax districts voting separately, but also in the entire consolidated district, or township, voting as a whole. The taxes authorized by these elections have been levied and collected for the year 1921, levied for the year 1922, and the bonds in question have been issued and sold.
The defendants contend that the first election was properly held under the law then in force, whether tested by the requirements of C. S., 5473, as amended by Public Laws 1921, ch. 179, C. S., 5511, or C. S., 5526 and 5530, as construed by this Court in Hicks v. Comrs., 183 N.C. 394; Perryv. Comrs., 183 N.C. 387, and Riddle v. Cumberland, 180 N.C. 321; and that the second election was clearly authorized by C. S., ch. 95, art. 39. On the other hand, both of these propositions are controverted by the plaintiffs.
It will be observed that the consolidation of the districts, which occurred on 25 April, 1921, is not specifically attacked by the plaintiffs; but, even if it were, we think the present consolidation should be approved under the decisions in the Hicks, Perry, and Riddle cases, supra. The voters have had a free and untrammeled opportunity to pass upon the questions submitted for their approval, both in the original special tax territory and the nonspecial tax portion of the district, counting the votes in each separately, and then counting them in the entire district as a whole; and this with substantial conformity to the requirements of the statutes bearing upon the subject. Both of the propositions met with but little opposition at the polls. The bonds have been issued and sold, and they are now in the hands of innocent purchasers for value. Under these circumstances, we should be slow to impair their validity, unless the defect were such as to require us to do so.
But the gravamen of the complaint is that the elections subsequently held in the already consolidated district or township were called and held without proper warrant of law, and are therefore void. Regardless as to how the technical regularity of these elections may be viewed, conceding the district was properly established under the general law then in force, we think it was within the power of the Legislature to ratify and to confirm the results of these elections, and to validate the *Page 277 
issuance of said bonds, and thus cure any defect, if such existed, as it did by ch. 32, Private Laws, Extra Session, 1921. Board of Education v.Comrs., 183 N.C. 300. Barring certain exceptions, the general rule is that the Legislature may validate retrospectively any proceeding which it might have authorized in advance. Anderson v. Wilkins, 142 N.C. 157. In a very recent case, Charlotte Harbor Northern Ry. Co. v. Welles et al. (decided 16 October, 1922), the United States Supreme Court, speaking to this question, said: "In support of the contention of the petition, plaintiff in error makes a distinction between a curative statute, which it is conceded a Legislature has the power to pass, and a creative statute, which, it is the assertion, a Legislature has not the power to pass. The argument in support of the distinction is ingenious and attractive, but we are not disposed to review it in detail. The general and established proposition is that what the Legislature could have authorized, it can ratify if it can authorize at the time of ratification," citing U.S. v.Heinszen, 206 U.S. 370; Wagner v. Baltimore, 239 U.S. 207; Stockdalev. The Insurance Companies, 20 Wall., 323.
The act we are now considering nowhere undertakes to establish a new school district, nor to change the lines or boundaries of one already existing. Its only purpose was to ratify and to confirm the results of certain elections which previously had been held in the then existing districts. It is clear, we think, that the present act is not in conflict with Article II, section 29, of the State Constitution, prohibiting, as this section does, among other things, any local, private, or special legislation in regard to "establishing or changing the lines of school districts." Here, it will be noted, the inhibition is against establishing or changing the lines of school districts by any local, private, or special legislation, but not against providing ways and means for the general prosecution of educational work in the district already established.Roebuck v. Trustees, ante, 144; Honeycutt v. Comrs., 182 N.C. 319.
We observe, however, that a tax of 90 cents on the poll was approved in each election, and that this has been levied along with the property tax in both instances. This is not a county tax, but a special district tax. Hence, the poll tax must be held to be invalid under the constitutional amendment of 1920. Hammond v. McRae, 182 N.C. 754. See, also, concurring opinion in Ballou v. Road Com., 182 N.C. 473. The property tax will be upheld.
As thus modified, the judgment of his Honor denying the plaintiffs' application for injunctive relief is approved.
The costs of this appeal will be divided equally between the parties.
 Modified and affirmed. *Page 278