Civil action. The facts material for the decision of the case are as follows:
This was an action brought by the Charlotte Consolidated Construction Company, plaintiff, against Ada W. Brockenbrough and others, to remove cloud from title to land, under the provisions of chapter 70, Public Laws 1923. This act provides that where an executor under a will, for the purpose of securing assets with which to pay off valid indebtedness, in good faith, and under the mistaken belief that the will authorized him to do so, sells real estate of said estate for a fair price and applies the proceeds of such sale to the payment of such indebtedness, and these facts are established in an action to remove cloud from title brought by the purchaser or his grantor, in which action all persons who might claim any interest in said property are properly brought into court as parties defendant, then such sale so made by said executor will be declared valid and binding upon all contingent remaindermen, executory devisees, and all persons who might in any contingency claim an interest in said property.
The late Miles L. Wriston died in 1876, seized and possessed of a large amount of property in Mecklenburg County, leaving a will which was duly probated and recorded in the office of the clerk of the Superior Court for said county. In said will be appointed his widow, Mary E. Wriston, his executrix, instructing her to pay all his just debts, and, to make assets for this purpose, empowering her to sell four tracts of land specified in said will. All the residue of his property he devised and bequeathed to said Mary E. Wriston during her natural life or widowhood, with remainder upon her death or remarriage to such of his children as should be then living, and to the issue of such as might be then dead, share and share alike, for the term of their natural lives, with remainder in fee to their children but in the event of the death of any of the testator's said children without issue, the share of such child to go to his surviving brothers and sisters, or to the issue of such as might be dead; and in the event of the death of all of testator's children without leaving issue, then said property should go to and be equally divided among the testator's brother, William Wriston, his sister, E. Jane Byerly, and the children of his deceased brother, Samuel T. Wriston. *Page 67 
Said Miles L. Wriston died leaving a large indebtedness. His executrix sold all the personal property of said estate and all the four tracts of real property which she was specifically empowered under the will to sell, and apply the proceeds to the payment of said indebtedness. After exhausting such proceeds there still remained debts owed by said estate amounting to about $10,000. To secure assets to pay these debts, said executrix, in good faith and under the mistaken belief that the will authorized her to do so, sold and conveyed to E. D. Latta, the grantor of the plaintiff in this action, a tract of some 87 1/2 acres for a purchase price of $7,416.25, and applied all the proceeds of said sale to the payment of the debts of the estate. It appears that this was a fair price for said property at that time.
Thereafter Latta conveyed this property to this plaintiff. Latta and the plaintiff together have been in sole, exclusive, continuous and peaceable possession of said land since 1890, without any adverse claim thereto having been advanced by any one claiming under said will. The executrix would have been entitled, in a proper proceeding for the sale of land to make assets, to an order of court authorizing the sale of said property.
Mary E. Wriston, widow of the testator and his executrix, died in 1913, without having remarried. Five children of the said Mary E. Wriston and her deceased husband, Miles L. Wriston, survived her and are still living, to wit: Ada W. Brockenbrough, Bessie W. Durham, Lucie W. Ryder, Minnie W. Smith, and Ella W. Lee. But for the conveyance of this property by said Mary E. Wriston, his executrix, to E. D. Latta, these five daughters of the testator would have been entitled to a life estate in said property. Three of them, Ada W. Brockenbrough, Bessie W. Durham, and Lucie W. Ryder, have children, all of whom are of age and who would have been entitled to a remainder in fee in said property, subject to defeasance upon the contingency named in the will. Two of these grandchildren of the testator, to wit, Camille D. Hunter and Sarah B. Payne, have two children each, all of whom are minors, and who would have been entitled to a remainder in said property, contingent upon the death of their respective parents prior to the death of the present life tenants, and subject to defeasance upon the contingency named in the will. Consequently title to this property would not have vested absolutely until the death of either Ada W. Brockenbrough or Bessie W. Durham or Lucie W. Ryder, leaving a child or grandchildren surviving her. In such event title would have vested absolutely in the grandchildren of the testator. Or, in the remote contingency of the death of all of the testator's five daughters without any of them leaving issue, title would have vested in the descendants of the testator's brothers and sisters. *Page 68 
Prior to the commencement of this action all of the children and grandchildren of the testator had executed quit-claim deeds releasing to said E. D. Latta, his heirs and assigns, all their right, title, and interest in said property. The only direct descendants of the testator who have not executed such deeds are his four minor great-grandchildren, contingent remaindermen.
This action is brought for the purpose of having the conveyance by said Mary E. Wriston, executrix, to E. D. Latta, aforesaid, declared valid and binding upon these contingent remaindermen and upon the other contingent remaindermen, descendants of the deceased brother and sister of the testator.
George H. Brockenbrough testified:
"I am one of the defendants in this action. Mrs. Mary E. Wriston, who was the executrix of the last will and testament of her husband, the late Miles L. Wriston, was my mother-in-law. I assisted her in the management and closing up of the estate. Mr. Wriston's estate was subject to rather heavy indebtedness at his death. Mrs. Wriston, the executrix, had to sell all the personal property of the estate, and, following that, all of the real estate which she was empowered by item 1 of the will to sell, in order to secure assets to pay these debts. After she had exhausted these resources there still remained an indebtedness in the neighborhood of $10,000. She then sold to Mr. E. D. Latta the property described in paragraph 1 of the complaint which you show me, which was part of a farm. I made the sale for her. It was sold for a purchase price of about $85 per acre. I don't remember the total amount, but the consideration stated in the deed was the correct amount of the purchase price. At the time that sale was made Mrs. Wriston, as executrix, and I, as her adviser, both understood she had power to make that sale. She made it in good faith and for the sole purpose of acquiring assets with which to pay debts of the estate. All the proceeds of that sale were applied to the payment of the debts of the estate. I was familiar with that property, having lived in Charlotte since 1874. I was more or less familiar with real estate values in and around Charlotte. I tried the market, and the price Mr. Latta paid was the best price I could get for this property. It was considered a fair price at that time. I have been more or less familiar with that property since it was sold to Mr. Latta. I am related by marriage to all the defendants in this action, and I can state that no adverse claim to said property has ever been made by any of the persons who might claim under this will. Since the property was sold to Mr. Latta, so far as I know, Mr. Latta and the plaintiff have been in peaceable possession of this property ever since Mr. Latta bought it. I can state that I was sufficiently familiar with the affairs of this estate to know that all of the *Page 69 
personal property had been sold and that it was necessary to sell this real estate to pay the valid debts then outstanding against the estate. I can swear to that."
E. D. Latta, Jr., testified:
"I am a son of E. D. Latta, who purchased the property involved in this action from Mrs. Wriston. I am vice-president of the Charlotte Consolidated Construction Company, the plaintiff in this action, which bought this property from Mr. Latta. I have been familiar with this property ever since I have been connected with the plaintiff company, which has been 21 years. No claim whatsoever has been made to any title or interest in this property by any one claiming under the last will and testament of Miles L. Wriston during that time."
Plaintiff offered in evidence deed dated 1 September, 1890, recorded in the office of the register of deeds for Mecklenburg County, in Book 74, page 177, as follows:
STATE OF NORTH CAROLINA,
MECKLENBURG COUNTY.
This deed, made this the 1st day of September, 1890, by M. E. Wriston, executrix of M. L. Wriston, deceased, of Mecklenburg County, and State of North Carolina, of the first part, to Edward D. Latta, of Mecklenburg County, and State of North Carolina, of the second part, witnesseth:
That the said M. E. Wriston, executrix of M. L. Wriston, deceased, in consideration of the sum of $7,416.25 to me paid by Edward D. Latta, the receipt of which is hereby acknowledged, has bargained and sold, and by these presents does bargain, sell and convey to the said Edward D. Latta and his heirs all that piece or tract of land in Charlotte Township, Mecklenburg County, State of North Carolina, adjoining the lands of W. N. Failing and others, and bounded as follows:
Beginning at a red oak, Wm. Johnston's corner, and runs with his line N. 37 3/4 W. 55 poles to a pile of stone, W. N. Failing's corner; thence with his line S. 48 1/2 W. 81 poles to a stake and pointers in line of the Smith land (now 4 C's); thence with the line of said land S. 47 1/4 E. 59 poles to a white oak, corner of Mrs. Orr's land; thence with two lines of the same, first, S. 62 poles to a pile of stone (where a dogwood stood); second, S. 74 E. 27 poles to a pile of stone in the road known as logtown road; thence with said road, first, N. 36 1/4 E. 26 1/4 poles; second, N. 1 1/4 W. 131 poles to a point in the road N. 41 3/4 E. 26 links from a white oak; thence with Wm. Johnston's line S. 41 3/4 W. 72 poles to the beginning, containing 87 1/4 acres, the said land being sold by the acre at $85 per acre.
To have and to hold the aforesaid tract or piece of land, and all privileges and appurtenances thereto belonging, to the said Edward D. Latta *Page 70 
and his heirs and assigns, to them and their only use and behoof forever. And the said M. E. Wriston, executrix as aforesaid, covenants that she is seized of said premises in fee and has a right to convey the same in fee simple, and the same are free and clear from all encumbrances, and that she will warrant and defend the said title to the same against the claims of all persons whatsoever.
In testimony whereof, the said M. E. Wriston, executrix, as aforesaid, has hereunto set her hand and seal, this the day and year above written.
M. E. WRISTON, Executrix. (Seal.)
Attest:
GEO. H. BROCKENBROUGH.
STATE OF NORTH CAROLINA,
MECKLENBURG COUNTY.
The foregoing deed was duly proven by oath of the subscribing witness.
Let it with this certificate be registered, this 3rd day of September, 1890.
J. M. MORROW, C. S.C.
Filed 12 September, 1890; registered 18 September, 1890.
The plaintiff offered in evidence deed dated 5 June, 1914, recorded in the office of the register of deeds of Mecklenburg County, in Book 325, page 549, as follows:
STATE OF NORTH CAROLINA,
MECKLENBURG COUNTY.
This deed, made this the 5th day of June, 1914, by George H. Brockenbrough and wife, Ada W. Brockenbrough, George H. Brockenbrough, Jr., Mary G. and Sarah M. Brockenbrough, J. A. Durham and wife, Bessie W. Durham, Mary W. Durham, Dr. W. Myers Hunter and wife, Camille D. Hunter, B. Rush Lee and wife, Ella W. Lee, Mrs. Minnie W. Smith (widow), Mrs. Lucy W. Ryder (widow), all of the county and State aforesaid, parties of the first part, and Edward D. Latta, of said county and State, party of the second part, witnesseth:
That, whereas, Mrs. M. E. Wriston, executrix of the last will and testament of M. L. Wriston, deceased, for the purpose of making assets with which to pay the indebtedness of her testator, did, on the 1st day of September, 1890, for the consideration of $7,416.25, by deed duly executed, sell and convey to the said Edward D. Latta all that tract of land hereinafter described; and
Whereas the purchase price paid for said land was a full and fair one and was used by said executrix in the payment of the indebtedness of the estate of her testator; and whereas certain doubts have arisen *Page 71 
as to whether the will of the said M. L. Wriston, deceased, conferred upon his executrix plenary power to sell said land for the purpose of making assets with which to pay the indebtedness of said estate without obtaining an order of court to that end; and whereas those of the parties of the first part who are devisees under said will are desirous of ratifying and confirming the act of the said M. E. Wriston, executrix aforesaid, in selling the lands herein referred to and hereinafter described, for the purpose of making assets with which to pay the debts of said estate:
Now, therefore, in consideration of the premises and the sum of one dollar, to them in hand paid by the party of the second part, the receipt of which is hereby acknowledged, the parties of the first part have hereby granted, remised, released and quit-claimed, and by these presents do grant, remise, release and quit-claim unto the said Edward D. Latta, his heirs and assigns, all their right, title and interest of every nature and description in and to that tract of land, lying and being in the city of Charlotte, county and State aforesaid, and described by metes and bounds in the deed of the said M. E. Wriston, executrix, etc., to the said Edward D. Latta, dated September one, one thousand eight hundred and ninety, and duly recorded in the register's office for said county and State, in Book 174, page 177, reference to which is therein made for a full description to said land. And for the consideration aforesaid, the said parties of the first part do hereby fully ratify and confirm the said deed made by the said M. E. Wriston, executrix, etc., to the said Edward D. Latta, on the said first day of September, one thousand eight hundred and ninety, for the land therein described, to all intents and purposes as if she had been fully authorized and empowered by the will of her testator to execute the same for the purposes therein set forth.
The said deed was duly signed by the grantors therein named, and duly acknowledged, with privy examination of the married women before proper officials, and recorded, in accordance with law.
The plaintiff offered in evidence a deed dated 4 November, 1922, recorded in the office of the register of deeds for Mecklenburg County, in Book 485, p. 54. The said deed is in all respects similar to the before mentioned deed made by Geo. H. Brockenbrough and others. Said deed is made by Virginia L. Ryder, Jno. F. Durham, Bessie Durham Scott and husband, Bryon C. Scott, to Edward D. Latta, and was duly acknowledged with privy examination of the married women before proper officials, and recorded, in accordance with law.
Issues were duly submitted to the jury and the answers thereto set out in the judgment. *Page 72 
The judgment is as follows:
"This cause coming on to be heard before his Honor, Wm. F. Harding, judge holding courts of the Fourteenth Judicial District, and a jury, and it appearing to the court from the returns of summons herein and from the affidavit of E. D. Latta, Jr., that service of summons herein has been duly accepted, or has been had personally upon all the defendants who could after due diligence be found in this State, and that service of summons by publication has been duly made upon all nonresident defendants and upon all persons whose names and residences are unknown who may in any contingency claim any interest in the subject of this action; that proper discreet guardians ad litem have been duly appointed by the court for the infant defendants and for all persons whose names and residences are unknown, and for any persons not in being who may in any contingency claim an interest in the subject of this action; that said guardians ad litem have duly accepted service of summons and filed answers in behalf of their respective wards to the complaint of the plaintiff, and that the time fixed by law within which the other defendants were required to appear and answer or demur to the complaint of the plaintiff has long since expired, and none of such other defendants having appeared and either answered or demurred to said complaint; and the jury having for their verdict answered all the issues submitted to them by the court in favor of the plaintiff and against the defendants, as follows:
"1. Did the late Mary E. Wriston, executrix of the last will and testament of Miles L. Wriston, deceased, sell the personal property of the estate of her testator and all the real estate specified in item 1 of the will of said Miles L. Wriston, and apply the proceeds thereof to the payment of the debts of said estate as alleged in the complaint? Answer: `Yes.'
"2. If so, did there remain, after exhausting the proceeds from the sale of such property, an indebtedness in the sum of about $10,000 owing by said estate, as alleged in the complaint? Answer: `Yes.'
"3. If so, did said Mary E. Wriston, executrix, on or about 12 September, 1890, in good faith, and under the mistaken belief that she was authorized under said will to do so, convey the property described in the complaint of E. D. Latta at and for a purchase price of $7,416. 25, in order to secure assets with which to pay said indebtedness, as alleged in the complaint? Answer: `Yes.'
"4. If so, was said sum of $7,416.25 a fair price for said property, as alleged in the complaint? Answer: `Yes.'
"5. If so, have said E. D. Latta and his grantee, this plaintiff, and its grantees, been in the sole, exclusive, continuous and peaceable possession of said property for more than 20 years without any adverse *Page 73 
claim to said property having been asserted by any person claiming under the last will and testament of the said Miles L. Wriston, as alleged in the complaint? Answer: `Yes.'
"6. If so, did said Mary E. Wriston, executrix, apply said sum of $7,416.25 paid by said E. D. Latta as purchase price for said property, and every part thereof, to the payment of the indebtedness of said estate, as alleged in the complaint? Answer: `Yes.'
"And it appearing to the court from the foregoing verdict of the jury that Mary E. Wriston, executrix of the last will and testament of the late Miles L. Wriston, would have been entitled, in a proper proceeding brought for that purpose, to an order for the sale of the property described in the complaint for the purpose of making assets to pay the debts of her testator:
"Now, therefore, upon motion of plaintiff, it is hereby ordered adjudged, and decreed that the sale and conveyance of the land described in the complaint by said Mary E. Wriston, executrix of the last will and testament of Miles L. Wriston, deceased, to E. D. Latta, the grantor of the plaintiff herein, be and the same is hereby declared valid and binding upon all of the defendants to this action, and upon all other persons, descendants of the late Miles L. Wriston, or of the late Wm. Wriston, or of the late Samuel T. Wriston, or of the late E. Jane Byerly, whatever may be their names and wherever may be their residences, and like wise upon all persons who may be born hereafter, descendants of the late Miles L. Wriston, of the late William Wriston, or of the late Samuel T. Wriston, or of the late T. Jane Byerly."
Defendants C. H. Gover and H. C. Dockery, guardians ad litem, in apt time demur ore tenus to the complaint of the plaintiff upon the ground that upon the facts set forth in the complaint the plaintiff is not entitled to the relief prayed for and that chapter 70, Public Laws 1923, relied upon by plaintiff in support of its position, is invalid for the reason that it undertakes to validate a transaction which was void in its inception. Demurrer overruled, and defendants except. Case was then heard upon the evidence of the plaintiff, and the jury returned a verdict in favor of the plaintiff and against the defendants. Judgment signed. Defendants except to the judgment of the court, and assign as error:
"1. That his Honor erred in refusing to sustain the defendants' demurrer to the complaint, which is the defendants' first exception.
"2. That his Honor erred in overruling the defendants' objection to the judgment tendered by the plaintiff and in signing the judgment appearing in the record, which is the defendants' second exception."
The exceptions were overruled, and the defendants appealed to the Supreme Court. *Page 74 
There is only one question involved in this appeal — the validity of chapter 70, Public Laws 1923. This act is in substance as follows: It provides that where an executor under a will, for the purpose of securing assets with which to pay off valid indebtedness, in good faith, and under the mistaken belief that the will authorized him to do so, sells real estate of said estate for a fair price and applies the proceeds of such sale to the payment of such indebtedness, and these facts are established in an action to remove cloud from title brought by the purchaser or his grantor, in which action all persons who might claim any interest in said property are properly brought into court as parties defendant, then such sale so made by said executor will be declared valid and binding upon all contingent remaindermen, executory devisees, and all persons who might in any contingency claim an interest in said property."
Constitution of U.S., Art. I, sec. 10, in part is as follows: "No State shall . . . pass any bill of attainder, ex post facto law, or law impairingthe obligation of contracts."
The Fourteenth Amendment to the Constitution of the United States, in part, is as follows: "Section 1. . . . No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."
Constitution of N.C. Art. I, sec. 17, is as follows: "No person ought to be taken, imprisoned, or disseized of his freehold, liberties, or privileges, or outlawed or exiled, or in any manner deprived of life, liberty, or property but by the law of the land. Const., 1868; Const., 1776; Decl. Rights, s. 12; Magna Carta (1215), ch. 39 (1225), ch. 29."
Black's Constitutional Law (3 ed.), p. 596, says: "Vested rights are to be secured and protected by the law and a statute which divests or destroys such rights, unless it be by due process of law, is unconstitutional and void."
Black, supra, at p. 752, says: "Retroactive (or retrospective) laws are not unconstitutional unless they. . . impair the obligation of contracts, or divest vested rights, or unless they are specifically forbidden by the constitution of the particular State."
This matter is clearly stated by the late Associate Justice Walker, who was always painstaking and careful, in Anderson v. Wilkins, 142 N.C. 157: "The general rule, therefore, is that the Legislature may validate retrospectively any proceeding which might have been *Page 75 
authorized in advance, even though its act, it has been said, may operate to divest a right of action existing in favor of an individual, or subject him to a loss he would otherwise have not incurred. 6 A. E. Enc. (2 ed.), 940. There are, of course, exceptions to this rule, but this case is not within any of them. In regard to the validity of retroactive legislation, so far as it may affect only expectant or contingent interests, we think the law is well settled that the power thus to deal with such interests resides in the Legislature. Justice Woodbury stated the rule with great clearness, and what he said has been accepted by the courts and law-writers as an authoritative utterance and as declaring the true doctrine upon the subject. Laws enacted for the betterment of judicial procedure and the unfettering of estates so as to bring them into the market for sale, cannot be regarded as opposed to fundamental maxims, `unless (as he says) they impair rights which are vested; because most civil rights are derived from public laws; and if, before the rights become vested in particular individuals, the convenience of the State necessitates amendments or repeal of such laws, those individuals have no cause of complaint. The power that authorizes or proposes to give, may always revoke before an interest is perfected in the donee.' Merrill v. Sherburne, 1 N. H., 213; Cooley (7 ed.), 511. Chancellor Kent, in speaking of retroactive statutes, says substantially that, while such statutes affecting and changing vested rights are very generally considered in this country as founded on unconstitutional principles, and consequently inoperative and void, yet that this doctrine is not understood to apply to remedial statutes, which may be of a retroactive nature, provided they do not impair contracts, or disturb absolutely vested rights, and only go to confirm rights already existing, and proceed in furtherance of the remedy by curing defects and adding to the means of enforcing existing obligations. Such statutes have been held valid when clearly just and reasonable, and conducive to the general welfare, even though they might operate in a degree upon existing rights. 1 Kent Com., 445."
The Constitution of North Carolina, annotated by Connor and Cheshire, p. 69, treating of Article I, section 17, under subdivision K, says: "The Legislature has no power to destroy or interfere with vested rights; but a bare expectancy is not such a vested right as will be protected by the constitutional provision." See Bullock v. Oil Co., 165 N.C. 67; Pendletonv. Williams, 175 N.C. 252; Dawson v. Wood, 177 N.C. 163; Edwards v.Comrs., 183 N.C. 60; Board of Education v. Comrs., 183 N.C. 302; Burneyv. Comrs., 184 N.C. 277; Brown v. Hillsboro, 185 N.C. 368. The same authors, under subdivision IX, p. 72, says: "The general rule, subject to some exceptions, is that the Legislature may validate retrospectively any proceeding which might *Page 76 
have been authorized in advance, even though its act may operate to divest a right of action existing in favor of an individual, or subject him to a loss he would not otherwise have incurred."
As a guide it is always well to go back to our fundamental and constitutional law. These at all times should be held sacred. They are the reason and wisdom of ages. No law "impairing the obligation of contracts," "due process of law," "law of the land," "vested rights." The question in the instant case: Is chapter 70, Public Laws 1923, such a retroactive statute as to destroy or interfere with vested rights? We do not think so. Miles L. Wriston died in 1876, leaving a large estate and considerable indebtedness. He willed that all his just debts be paid. He appointed his wife, Mary E. Wriston, executrix, and gave her power to sell four tracts of land specified in the will to pay the debts. After the payment of all the debts he devised and bequeathed all the residue of his property to his wife, Mary E. Wriston, during her natural life or widowhood. On her death or marriage, the remainder over to certain vested, contingent remaindermen and executory devisees. The executrix sold the four tracts of land, which she was given authority to sell under the will, and all the personal property belonging to the estate, and applied the amounts received to the debts of Miles L. Wriston. There was left unpaid debts to the amount of about $10,000. To secure assets to pay these debts, in good faith as executrix, she sold the land in controversy, 87 1/4 acres, to Edward D. Latta for $7,416.25, which was a fair price for the land at the time, and made a deed to him thinking she had a right to do so. Thereafter Latta conveyed the property in dispute to plaintiff in this case. The deed to Latta was made by Mary E. Wriston, executrix of M. L. Wriston, deceased, on 1 September, 1890, and Latta and his assignee, the plaintiff, have been in the uninterrupted possession of the land ever since the conveyance some 33 years ago. Mary E. Wriston is dead and all of the children and grandchildren of Miles L. Wriston, who are of age, have executed quit-claim deeds releasing to said Edward D. Latta and his heirs and assigns all their right, title and interest in the before mentioned land. The only direct descendants of Miles L. Wriston who have not executed quit-claim deeds are his four minor grandchildren, contingent remaindermen.
The executrix, Mary E. Wriston, would have been entitled, under the law existing at the time she sold the land to Edward D. Latta, to have brought a proceeding for the sale of the 87 1/4 acres of land to make assets to pay the debts of Miles L. Wriston. The court in such proceedings would necessarily have made all parties who had any interest, vested or contingent, under the will, parties to the action as provided by law. *Page 77 
If this had been done, all parties who had any interest, vested or contingent, would have been bound, and Latta would have gotten a good fee-simple title. The parties who were entitled under the will took subject to debts. Their interest, whether vested or contingent, was cum onore. The money that the land brought went to pay the debt which the land was charged with paying. In good conscience, morals and equity, the parties under the will, whether vested or contingent remaindermen or executory devisees, had nothing in the land — no vested interest. The land was subject to the debts of Miles L. Wriston. The sale left the remaining property discharged to the amount of the purchase price paid for the land in controversy free from debt.
The present statute, when all these facts appear, is curative and retrospective, and is nunc pro tunc, constitutional, legal, and does not interfere with or destroy vested rights. As was said in Board of Educationv. Comrs., supra: "Subject to certain exceptions, the general rule is that the Legislature may validate retrospectively any proceeding it might have authorized in advance."
In Edwards v. Comrs., supra, the Court held a retroactive act of the Legislature validating an invalid attempt of municipal authorities to levy a special road tax after the expiration of the period fixed in the prior act. In this connection the Court said: "This conclusion rests upon the recognized and accepted doctrine that a retrospective law, curing defects in acts that have been done, or authorizing or confirming the exercise of powers, is valid in those cases in which the Legislature originally had authority to confer the power or to authorize the act. The General Assembly unquestionably had original authority to confer the right to levy a tax for the year 1921, in like manner as it had done for the two preceding years."
The property was sold to Edward D. Latta in good faith by Mary E. Wriston, executrix, through her son-in-law and adviser, George H. Brockenbrough. He witnessed the deed almost a third of a century ago. From his testimony he has done all he could to keep faith, "the whiteness of his soul," by his conduct, and it may not be amiss to quote from his testimony the conduct of the others: "I am related by marriage to all of the defendants in this action, and I can state that no adverse claim to said property has ever been made by any of the persons who might claim under this will."
From a careful examination of the record we can find no error, and the judgment appealed from was in accordance with law.
No error. *Page 78