HAZARD CANNON, ALVIN OLDS AND NORMAN PHILLIPS v. N.C. STATE BOARD OF EDUCATION, DURHAM COUNTY BOARD OF COMMISSIONERS, DURHAM CITY BOARD OF EDUCATION, DURHAM COUNTY BOARD OF EDUCATION, AND DURHAM COUNTY BOARD OF ELECTIONS

No. 9210SC1211

(Filed 20 December 1994)

**Schools § 9 (NCI4th)— school merger ruled unconstitutional by trial court—legislation not curative**

The General Assembly could not, by enacting legislation ratifying all school merger plans adopted during a specified period, make constitutional a Durham school merger plan which a court had ruled unconstitutional.

**Am Jur 2d, Schools §§ 29 et seq.**

Judge WYNN dissenting.

Appeal by plaintiffs from order entered 18 September 1992 by Judge D.B. Herring, Jr. in Wake County Superior Court. Heard in the Court of Appeals 22 October 1993.

CANNON v. N.C. STATE BD. OF EDUCATION

[117 N.C. App. 399 (1994)]

This appeal arises out of plaintiffs' lawsuit, filed 12 February 1992, to nullify the merger of the Durham County and City school systems, on several bases, including the basis that the merger and the enabling statute, N.C. Gen. Stat. § 115C-68.1 (1991), were unconstitutional. Plaintiffs and defendants moved for summary judgment and after a hearing on the motions, Judge D.B. Herring, Jr. granted summary judgment in favor of the plaintiffs.

From this order, plaintiffs and defendants appealed to this Court. Thereafter both parties petitioned the North Carolina Supreme Court, pursuant to N.C. Gen. Stat. § 7A-31 (1989), for discretionary review prior to determination by this Court, and that Court granted review. In the meantime, however, the General Assembly enacted Chapter 767 of the 1991 Session Laws, which ratified all school merger plans adopted between 9 June 1969 and 26 May 1992, including the Durham merger. Upon motion of the defendants and prior to any determination of the substantive issues, the Supreme Court remanded the case to the Wake County Superior Court for reconsideration of the judgment in light of Chapter 767.

In superior court, defendants filed a motion to dismiss for mootness. Plaintiffs responded to the motion and also moved for summary judgment. On 18 September 1992, Judge Herring entered an order denying plaintiffs' motion for summary judgment and granting defendants' motion to dismiss. From this order, plaintiffs appeal.

*Randall, Jervis & Hill, by John C. Randall, for plaintiff-appellants.*

*Attorney General Michael F. Easley, by Senior Deputy Attorney General Edwin M. Speas, Jr., for defendant-appellee N.C. State Board of Education.*

*Tharrington, Smith & Hargrove, by Michael Crowell, and Durham County Attorney's Office, by Thomas Russell Odom, for defendant-appellees Durham County Board of Commissioners, Durham City Board of Education, Durham County Board of Education and Durham County Board of Elections.*

McCRODDEN, Judge.

In determining whether the trial court erred in finding plaintiffs' claim moot, we must consider whether the legislature's enactment of legislation cured action, *i.e.*, the merger of the Durham schools systems, that the trial court had previously ruled unconstitutional. We find that it did not, and we reverse the trial court.

CANNON v. N.C. STATE BD. OF EDUCATION

[117 N.C. App. 399 (1994)]

In their original complaint, plaintiffs alleged, among other things that they would lose "substantial voting rights" as a result of the merger, that the enabling statute unconstitutionally delegated legislative power to county commissioners, that the statute contained a funding mandate that was arbitrary and capricious and denied plaintiffs due process and equal protection of the laws, and that the merger plan was in conflict with N.C. Gen. Stat. §§ 115C-35 and -37 (1991). In its judgment, the trial court found that the merger was unlawful because of "its conflict with each of N.C. Gen. Stat. 115C-35, 153A-76, Chapter 657 of the Session Laws of 1975, Chapter 249 of the Session Laws of 1977, and the following provisions of the North Carolina Constitution: Article II, Sec. 1; Article I, Sec. 19; and Article IX."

Chapter 767 of the 1991 General Assembly Session Laws provides:

Sec. 2. Article 7 of Chapter 115C of the General Statutes is amended by adding a new section to read:

"§ 115C-68.3. Validation of plans of consolidation and merger.

All plans for consolidation and merger of school administrative units entered into between June 9, 1969, and May 26, 1992, under G.S. 115C-67, 115C-68.1, 115C-68.2, former G.S. 115-74.1, or under any local act authorizing such mergers, are ratified and considered to have been adopted by act of the General Assembly. This Article prevails over G.S. 153A-76(4)."

Sec. 3. For the purpose of clarification, G.S. 115C-67(3)b reads as rewritten:

"b. . . . To the extent that the method [detailed in the proposed merger plan] conflicts with G.S. 115C-35, G.S. 115C-37, or with any local act concerning any of the units being merged and consolidated, the plan of merger and consolidation shall prevail."

1991 N.C. Sess. Laws ch. 767, §§ 2-3.

Assuming, without deciding, that the curative act was effective to ratify the merger as if it had been accomplished directly by act of the General Assembly, the determination that the merger violated N.C.G.S. §§ 115C-35, 153A-76, the local acts, and Article II, Section 1, *i.e.*, that it was the product of improperly delegated legislative authority, would, indeed, be moot. The trial court's determination that the merger violates Article I, section 19 and Article IX, however, is

distinct. Section 19 of Article I guarantees that: "No person shall be . . . deprived of his life, liberty, or property, but by the law of the land. No person shall be denied the equal protection of the laws . . . ." N.C. Const. art. I, § 19. Article IX deals with, among other things, uniform systems of schools. N.C. Const. art. IX, § 2. It is important to note that defendants have not cross-assigned as error, pursuant to N.C. R. App. P. 10, the original conclusion of the trial court that the Durham merger violated these two constitutional provisions. It is also noteworthy that the Supreme Court failed to address plaintiffs' constitutional challenges when the case was before it.

"[A] retrospective law, curing defects in acts that have been done, or authorizing or confirming the exercise of powers, is valid in those cases in which the Legislature originally had authority to confer the power or to authorize the act." *Edwards v. Comrs.*, 183 N.C. 58, 60, 110 S.E. 600, 601 (1922). The legislature has no power to enact a law in conflict with the Constitution. *See Bayard v. Singleton*, 1 N.C. (Mart.) 5 (1787). In this case, the General Assembly could not ratify the merger because, under the previous, uncontested ruling of the trial court, the merger was unconstitutional.

Contrary to the assertion of the dissent, our primary focus is not on the first trial court order. Indeed, as we have pointed out, the parties to this appeal did not present the constitutional issues revolving around that order, and our opinion in no way determines the issue of the first appeal, *i.e.*, the constitutionality of the school merger in Durham County. Our holding is simply that the General Assembly cannot, by enacting legislation, make constitutional that which a court has ruled unconstitutional.

We, therefore, hold that because, under the ruling of the first trial court, the Durham merger plan violated the North Carolina Constitution, Chapter 767 was ineffective as a curative statute vis a vis the Durham school merger. We reverse the trial court's determination of mootness.

Reversed.

Judge LEWIS concurs.

Judge WYNN dissents.

Opinion written and concurred in and dissent written prior to 16 December 1994.

CANNON v. N.C. STATE BD. OF EDUCATION

[117 N.C. App. 399 (1994)]

Judge WYNN dissenting.

I respectfully dissent because I believe the majority misidentifies the order which was presented for appellate review. The procedural history of this matter is quite complex. On 12 February 1992, plaintiffs filed an action against defendants challenging a plan adopted pursuant to N.C. Gen. Stat. § 115C-68.1 to merge the Durham City and Durham County school systems. The trial court entered judgment for plaintiffs on 14 April 1992 and defendants appealed. ("Cannon I") On 13 May 1992, both parties petitioned the Supreme Court for review prior to a determination by the Court of Appeals. These petitions were granted on 25 June 1992. On 17 June 1992, the General Assembly enacted Chapter 767 of the 1991 Sessions Laws. Chapter 767 ratified all school merger plans adopted between 9 June 1969 and 26 May 1992, including the Durham merger plan, and declared that the plans were to be "considered to have been adopted by act of the General Assembly."

On 20 July 1992, the Supreme Court remanded this case to the trial court for reconsideration in light of Chapter 767. After a hearing, the trial court entered an order on 18 September 1992 dismissing plaintiffs' action as moot. ("Cannon II") Cannon II is the order presented for review before this Court.

In reviewing Cannon II, the majority reaches back and reviews Cannon I.[1] I believe, however, that the only order presented for our review is the order referred to in plaintiffs' notice of appeal, Cannon II. The Supreme Court remanded this case to the trial court for reconsideration in light of the enactment of Chapter 767. The trial court then determined that plaintiffs' claims became moot when Chapter 767 was enacted by the General Assembly. Therefore, the only question before this Court is whether the trial court was correct in concluding that plaintiffs' claims were moot. See State v. McDowell, 310 N.C. 61, 310 S.E.2d 301 (1984) (When findings are made in light of a prevailing legal standard, a new explication of the standard requires reconsideration de novo based upon the new explication.); Helms v. Rea, 282 N.C. 610, 194 S.E.2d 1 (1973) (If a matter is considered under

---

1. While the majority asserts that its primary focus is not on Cannon I, the majority holds "that because, under the ruling of the first trial court, the Durham merger plan violated the North Carolina Constitution, Chapter 767 was ineffective as a curative statute vis a vis the Durham school merger." Upon remand from the Supreme Court, however, the trial court found the enactment of Chapter 767 made plaintiffs' claims moot. This ruling replaced the trial court's previous order upon which the majority relies in reaching its holding.

misapprehension of the law it should be remanded for consideration in its true legal light.). I conclude that plaintiffs' claims became moot after the enactment of Chapter 767 and vote to affirm. *See Benvenue Parent-Teacher Ass'n. v. The Nash County Bd. of Educ.*, 275 N.C. 675, 170 S.E.2d 473 (1969). (When a development occurs by reason of which the question originally in controversy between the parties is no longer at issue, the appeal will be dismissed as moot.).

The majority concludes that in *Cannon I* the trial court found that the school merger violates Article I, section 19 and Article IX of the North Carolina Constitution. The majority places great weight on defendants' failure to cross-assign as error the trial court's conclusion that the merger violated these constitutional provisions pursuant to N.C. R. App. P. 10(d).

I find, however, that defendants were the *appellants* with regard to *Cannon I* and that they properly appealed that order. N.C. R. App. P. 10(d) states in pertinent part: "Without taking an appeal an *appellee* may cross-assign as error any action or omission of the trial court which was properly preserved for appellate review and which deprived the *appellee* of an alternative basis in law for supporting the judgment, order, or other determination from which appeal has been taken." (emphasis added). Defendants, as the appellants in *Cannon I*, were neither required nor expected to make a cross-assignment of error. *See generally, Stevenson v. North Carolina Dept. of Ins.*, 45 N.C. App. 53, 262 S.E.2d 378 (1980).

For the foregoing reasons, I respectfully dissent.