ASHEVILLE STREET RAILWAY COMPANY v. CITY OF
ASHEVILLE.

*Injunction—Municipal Corporations—Contract with Street Railway Company.*

1. Where a city, by authority of its charter, granted a street railway company the right to construct a branch road over a certain street, it cannot, by a subsequent ordinance, arbitrarily annul its license; and when, under such latter ordinance, it attempts by force to prevent the completion of the road, then in process of construction, injunction will issue restraining the city from such interference.

2. Injunctions which encourage enterprise and facilitate public convenience will be dissolved only in clear cases.

This was a CIVIL ACTION for injunction, heard before *Merrimon, J.,* at Chambers, on November 28th, 1891.

The plaintiff corporation has power, and it is its purpose, to construct and operate street railways over the public streets and alleys of the defendant when, where and as the parties may agree. The plaintiff had permission and right to build and use such a railway on and along South Main street, and on the 13th day of November, 1891, the defendant, by a proper resolution, extended and enlarged the rights of the plaintiff in such connection so as to allow it the privilege and right "to construct and operate a branch or branches of its railway across Valley street and Atkins street, or either of them."

The plaintiff having employed laborers, procured implements, materials and other things appropriate for the purpose, was proceeding to construct such branch railways when, on the 14th day of November, 1891, the officers and agents of the defendant, without notice to the plaintiff, made an order, of which the following is a copy:

"Be it ordained that all rights and privileges granted to the Asheville Street Railway Company by an order of this Board, made on the 13th day of October, 1891, be and the same are hereby, in all things, repealed and revoked. Be it further ordained that the Chief of Police be and he is hereby instructed and directed and ordered to prevent the said Asheville Street Railway Company, its agents or assigns and all other persons, from in any manner interfering with any streets of this city, or in any manner building, erecting, or attempting to build or to erect any street railway or any railway over or across any street in this city; and that the said Chief of Police, with all other policemen of this city, and all other citizens, shall enforce this ordinance and all other ordinances in reference to said matters, under penalty of the law."

The defendant's police force immediately in pursuance of such order proceeded to execute the same, and forbade the plaintiff and its agents to proceed with its work, and threatened to arrest its agents and to use such force as might be necessary to accomplish that purpose. Thereupon the plaintiff brought this action, one purpose of which is to obtain relief by injunction pending the action.

The defendant by its answer admits some of the material allegations of the complaint, denies others and avers matters and facts to some extent, and in some respects, confessing and avoiding the plaintiff's cause of action.

The Court heard the plaintiff's motion for an injunction restraining the defendant from such interference with its rights upon the complaint and answer, used as affidavits, and divers other affidavits, and upon consideration allowed the motion. The defendant excepted and appealed.

*Messrs. F. A. Sondley, T. F. Davidson* and *T. A. Jones,* for plaintiff.

*Mr. T. H. Cobb,* for defendant.

109 — 44

MERRIMON, C. J.—after stating the facts: The trespass complained of in this action is not an ordinary civil trespass, as to which the plaintiff may be compensated in damages. The defendant, a municipal corporation, possessed of large and important powers, undertook, as is alleged, arbitrarily to declare its contract with the defendant at an end, and assert its assumed authority by force. This it could not lawfully do. If the defendant was constructing or proceeding to construct its branch railway without authority, or in violation of its contract with the defendant, or in such way as to seriously interfere with or imperil the rights of the public, the defendant had its appropriate remedy, civil or criminal, or both, through the Courts. Its officers and agents misapprehended the nature and extent of its powers when it thus undertook to settle and determine its rights and those of the plaintiff and assert its authority. There is nothing in its charter or in legal contemplation that warrants such exercise of power. It can pass ordinances and make appropriate regulations and enforce them, establish a police force and employ the same for all lawful purposes, and do a multitude of important acts for the protection, convenience, comfort and safety of the people and their property, but it cannot, at its will and pleasure, rid itself of contract obligations and engagements, whether the same concern individuals or other corporations. It is subject to the jurisdiction of the Courts in appropriate cases, and it must seek its remedy in like appropriate cases through the Cour's. It can exercise authority only in the respects and in the way prescribed by law. The interference complained of did not simply affect the plaintiff; it affected in an important sense the public. The rights of the plaintiff were important, and concerned the public as well as itself. It appears that a principal purpose of the branch road which it was constructing when interfered with, was to reach important tobacco warehouses and facilitate the transportation of

tobacco to and from them, and to extend and enlarge business in that connection and locality. Such enterprise must not be interfered with or retarded for light or trivial causes. The law encourages and will protect just public enterprise, and will interfere to impede or arrest it but in cases where good and substantial cause is shown.

There is much of the evidence more or less in conflict. An examination of it satisfies us that the merits of the litigation are not free from doubt in important respects. It may be that the plaintiff has not constructed its branch road strictly as it had the right and was bound to do, and that to some extent it interferes with the street across or over which it has been or may be built. We think, however, that it cannot do any serious harm to allow it to be constructed, and if it shall turn out that the plaintiff's right is not well founded, it may be required to change or remove its road as right and justice may require. This Court is not inclined to interfere with appropriate injunctions granted pending the action, especially when they encourage enterprise and facilitate the public convenience. It will interfere only in clear cases, and when it is probable that serious harm may result from the injunction. Moreover, it will not ordinarily pass upon the general merits of the action until the cause of action has been litigated upon its merits. *Navigation Co.* v. *Emry,* 108 N. C., 130, and the cases there cited.

· Affirmed.