J. F. NASH ET AL. v. BOARD OF COMMISSIONERS OF ST. PAULS.

(Filed 17 March, 1937.)

1. **Constitutional Law § 20—Laws in force at time of issuance of bonds become part of contractual obligation which may not be adversely affected by statute under constitutional change.**

   Defendant town proposed to issue refunding bonds under an ordinance providing that the holders of the refunding bonds should be subrogated to all the rights and powers of the holders of the indebtedness so refunded, such provision being also in accord with N. C. Code, 2492 (50) b. Plaintiff contended that the refunding bonds would be subject to the power of the Legislature to exempt residences up to the value of $1,000 from taxation under the Constitutional Amendment of Art. V, sec. 5. *Held:* Even conceding that the refunding bonds would be evidenced by a new contract, the provision of the ordinance and statute that the holders should be subrogated to the rights of the holders of the original indebtedness, became a part of such new contract or obligation, which may not be adversely affected by legislative act even under constitutional change, Federal Const., Art. I, sec. 10, and no exemption having been made by the Legislature under the permissive power of the amendment to Art. V, sec. 5, at the time of the issuance of the refunding bonds, the power to provide for the payment of the refunding bonds could not be adversely affected by the constitutional amendment.

2. **Taxation § 23—**

   The constitutional amendment to Art. V, sec. 5, is not self-executing, but merely gives the General Assembly permissive power to grant the exemption from taxation to the extent therein mentioned, which power the General Assembly may exercise in whole or in part, or not at all, as it may in its wisdom determine.

3. **Same—**

   An exemption of real property from taxation under the provisions of the constitutional amendment of Art. V, sec. 5, would not affect the validity of bonds already issued by a municipality.

4. **Taxation § 37—Home owner held not entitled to restrain issuance of refunding bonds on ground that they would be subject to tax exemption.**

   A home owner in a municipality is not entitled to restrain the issuance of refunding bonds by it on the ground that the refunding bonds would be subject to any exemption from taxation that might be allowed the General Assembly under the amendment to Art. V, sec. 5, since he would be bene-

fited rather than injured by any exemption which may be allowed, and since the validity of the proposed bonds would not be affected by such exemption.

APPEAL by plaintiff from *Barnhill, J.,* in Chambers in Lumberton, 4 February, 1937. From ROBESON.

Controversy without action submitted on an agreed statement of facts. The gist of the statement follows:

1. Plaintiff is a resident and taxpayer of the town of St. Pauls, owning real property situate therein, which is used by him as his place of residence, and he sues for himself and all other taxpayers of the town who may desire to join with him.

2. The defendants constitute the board of commissioners of the town of St. Pauls.

3. The said town of St. Pauls has outstanding *public improvement* bonds in the principal sum of $102,400, bearing interest at the rate of 6%, which are now in default, some having been issued in 1920 and the others in 1923.

4. It is proposed by the defendants, by ordinance duly adopted 29 December, 1936, to retire these outstanding bonds with refunding bonds in like amount, said refunding bonds to bear lower rates of interest ranging from 2% to 4½%, depending on the length of term; and the ordinance specifically provides: "The holders of said refunding bonds shall be subrogated to all the rights and powers of the holders of the indebtedness so refunded."

A similar ordinance was adopted providing for the funding of the accrued interest due and unpaid on the bonds outstanding.

5. Sec. 5 of Art. V of the State Constitution was amended at the general election in 1936, by adding at the end of said section the following: "The General Assembly may exempt from taxation not exceeding one thousand dollars ($1,000) in value of property held and used as the place of residence of the owner."

The plaintiff contends that the provision of the ordinance, "the holders of said refunding bonds shall be subrogated to all the rights and powers of the holders of the indebtedness so refunded," is in violation of the constitutional amendment adopted in 1936, for the reason that said refunding bonds, when issued, will be subject to the continuing power of the General Assembly to exempt from taxation "homesteads" not exceeding $1,000 in value. Wherefore, plaintiff asks that the issuance of said refunding bonds be restrained or enjoined.

The defendants, on the other hand, contend that all property originally subject to taxation for the payment of the outstanding indebtedness of the town of St. Pauls will remain liable for such indebtedness, as no State is permitted to pass any law "impairing the obligation of con-

tracts" (U. S. Const., Art. I, sec. 10), and that the General Assembly may not exempt "homesteads" from taxation for the payment of an indebtedness subsisting at the time of the adoption of the above amendment.

The plaintiff's prayer for injunction was denied, the court being of opinion that no new debt or obligation would be created by the proposed refunding bonds and that the power to provide for the payment of the indebtedness, existing at the time of its original creation, would remain unchanged and unaffected by the recent constitutional amendment.

From this ruling the plaintiff appeals, assigning error.

*W. C. Watts for plaintiff, appellant.*
*David H. Fuller for defendants, appellees.*

STACY, C. J. Even if it be conceded that the proposed refunding bonds would be subject to the discretionary power of the General Assembly hereafter to exempt certain residential property from taxation, because issued after the adoption of the 1936 constitutional amendment on the subject, which is not so conceded in view of the provisions of the Local Government Act and the ordinance authorizing the issuance of said bonds, still it is not perceived wherein this would in any wise affect the validity of said bonds; only their marketability, perhaps.

It is recognized that the bonds now outstanding, which defendants seek to refund, could not be adversely affected by any act of assembly under the constitutional change, "for a State, no more by constitutional amendment than by statute, can impair the vested rights held by the creditor in assurance of his debt." *Hammond v. McRae,* 182 N. C., 747, 110 S. E., 102; *Smith v. Comrs., ibid,* 149, 108 S. E., 443; *Burney v. Comrs.,* 184 N. C., 274, 114 S. E., 298; *Board of Ed. v. Bray, ibid,* 484, 115 S. E., 47.

It is likewise well established that the laws in force at the time and place of the making of contracts enter into and become integral parts thereof as much so as if they had been expressly incorporated therein. *Eckard v. Ins. Co.,* 210 N. C., 130, 185 S. E., 671; *Headen v. Ins. Co.,* 206 N. C., 270, 172 S. E., 349; *Bateman v. Sterrett,* 201 N. C., 59, 159 S. E., 14; *Trust Co. v. Hudson,* 200 N. C., 688, 158 S. E., 244; *House v. Parker,* 181 N. C., 40, 106 S. E., 136; *Mfg. Co. v. Holladay,* 178 N. C., 417, 100 S. E., 567; *Hill v. Kessler,* 63 N. C., 437.

It is provided by the Local Government Act, chap. 60, Public Laws, 1931, as amended by chap. 258, Public Laws, 1933, and chap. 356, Public Laws, 1935, that in refunding, funding, or renewing indebtedness incurred prior to 1 July, 1933, the ordinance or resolution adopted by any local unit, authorizing the issuance of bonds for such purpose, may con-

tain provision whereby the holders or purchasers of said bonds "shall be subrogated to all the rights and powers of the holders of such indebtedness," which said provision "shall have the force of contract between the unit and the holders of said bonds." Michie's N. C. Code of 1935, sec. 2492 (50) b. Such a provision was incorporated in the ordinance authorizing issuance of the bonds here sought to be enjoined; hence the provision, having the sanction of law, will enter into and become an integral part of the bonds when issued, with contractual force and effect, which may not be impaired by subsequent legislation, as was held by the court below. *Hammond v. McRae, supra; Eckard v. Ins. Co., supra; Headen v. Ins. Co., supra; Long v. St. John,* 170 So. (Fla.), 317.

It is the contention of the plaintiff, however, that while the refunding of a subsisting indebtedness may not create any new or additional debt or extinguish the original obligation (*Blanton v. Comrs.,* 101 N. C., 532, 8 S. E., 162), still the refunding bonds would represent a different contract evidencing the indebtedness. *Fleming v. Turner,* 122 Fla., 200, 165 So., 353; *S. v. Milam,* 113 Fla., 491, 153 So., 100. In other words, he says that while the retirement of the 6% bonds with refunding bonds bearing lower rates of interest would not extinguish the original indebtedness, nevertheless the indebtedness would then be evidenced by a new and different contract or obligation, entered into after the adoption of the 1936 constitutional amendment and therefore subject to its provisions, nothing else appearing. *Klein v. Kinkead,* 16 Nev., 194; *Hicks v. Greene County,* 200 N. C., 73, 156 S. E., 164. Plaintiff further points out that the proposition is not to exchange the old bonds for new ones. *Folks v. County of Marion,* 121 Fla., 17, 163 So., 298.

Conceding, for the sake of argument, that plaintiff's contention apparently has the merit of soundness, it is not perceived, upon the record facts, wherein the judgment entered below runs counter to the position stated. The General Assembly as yet has taken no action under authority of the amendment in question, which is only permissive in terms and not self-executing. The power of exemption, to the extent therein mentioned, is exercisable, in whole or in part, or not at all, as the General Assembly, in its wisdom, shall determine. *Hospital v. Rowan County,* 205 N. C., 8, 169 S. E., 805; *Latta v. Jenkins,* 200 N. C., 255, 156 S. E., 857. Further, the laws in force at the time of the issuance of the proposed refunding bonds provide that the holders thereof, when so assured by ordinance or resolution, as they are here, shall be subrogated to all the rights and powers of the holders of the indebtedness so refunded, which assurance has the force of a contract provision. Michie's Code, *supra.*

Moreover, it is observed that the plaintiff, being the owner of a residence in St. Pauls, without more, would be benefited, rather than in-

jured, by any action of the General Assembly, even under his own interpretation of the laws applicable. His prayer for injunction was properly denied on the facts presently appearing of record. *Newman v. Comrs. of Vance,* 208 N. C., 675, 182 S. E., 453.

Affirmed.