CHARLIE SPEARMAN, ADMINISTRATOR OF MAXIE SPEARMAN, v. THE UNITED MUTUAL BURIAL ASSOCIATION, INC.

(Filed 2 May, 1945.)

**1. Mutual Burial Association § 1: Constitutional Law § 20—**

Where the certificate of membership in a burial association, as well as the general statute relating to such associations, G. S., 58-226, contains the express provision that the rules and by-laws of such associations may be modified by Act of the General Assembly, members are bound by subsequent legislation, and changes so made are not offensive to the constitutional provision against the passage of a law which impairs the obligation of a contract.

**2. Constitutional Law § 20: Contracts §§ 1, 8—**

Laws in force at the time of the execution of a contract become a part of the convention. This embraces those which affect its validity, construction, discharge, and enforcement.

**3. Mutual Burial Association §§ 11, 12—**

The spouse or next of kin of a member of a mutual burial association serving in the armed forces, who dies overseas, may elect to have return of the paid-in assessments in settlement, or to have the prescribed funeral benefits at any time the body of deceased is returned for burial to the territory served by the burial association; and the personal representative of the deceased may not recover $100 in lieu thereof. G. S., 58-241.1.

APPEAL by defendant from *Olive, Special Judge,* at March Term, 1945, of MECKLENBURG. Reversed.

This was an action to recover the sum of $100 alleged to be due on a certificate of membership in defendant Burial Association. From judgment for plaintiff defendant appealed.

*E. McA. Currie for plaintiff, appellee.*
*G. T. Carswell for defendant, appellant.*

DEVIN, J. The case was heard below upon an agreed statement· of facts. From this it appears that plaintiff's intestate, Maxie Spearman, became a member of defendant Burial Association 5 March, 1943, and so remained until his death 11 March, 1944. The purpose and plan of the Association was to provide funeral and burial service for deceased members in the amount. of $100.

Plaintiff's intestate while a member of the armed forces of the United States and in the line of duty died on Guadalcanal in the Pacific and was buried there. At that time Guadalcanal was in the theater of war and it was impossible for the defendant to provide or furnish the plaintiff's intestate the funeral benefits contracted for in the certificate of membership.

The certificate of membership in defendant Association, which is in the form prescribed by statute, G. S., 58-226, specifies in section 10 that in the event a member in good standing shall die at a place beyond the territory served by local funeral directors, the secretary of the Association upon notice shall cause deceased to receive the funeral and burial service provided for, and shall make payment therefor. "If the secretary-treasurer of the Association shall fail, on demand, to provide the benefits as listed in Article 9 of these rules and by-laws (funeral and burial service) by arrangement with the official funeral director serving the community in which the services are required, then the benefits shall be paid in cash to the representatives of the deceased qualified under law to receive such payments."

The plaintiff's action is based upon the view that defendant's failure to furnish the funeral benefits contracted for entitled the personal representative of the deceased to the payment in cash provided in lieu thereof by sec. 10 of the certificate of membership, and that the requirement of previous demand was obviated by the defendant's admission that it was impossible for defendant, or any undertaker connected with it, or by arrangement with any other funeral director, to render the service contracted for. It was argued that under these circumstances a demand would have been futile and therefore unnecessary.

Conceding that this may be a reasonable interpretation of the effect of the quoted stipulation in sec. 10, we think the plaintiff's position is rendered untenable by a subsequent statute, Public Laws 1943, ch. 732, codified as G. S., 58-241.1, modifying the provisions of sec. 10 in respect to members of the Association who die while serving in the armed forces of the United States. By this statute it is provided that in such case the spouse or next of kin may elect to have return of paid-in assessments

in settlement, or to have the prescribed funeral benefits at any time the body of the deceased is returned for burial to the territory served by the burial association. True this last Act was ratified subsequent to the issuance of the certificate of membership to plaintiff's intestate, but the certificate sued on, as well as the general statute in force at the time, G. S., 58-226, contained the express provision that the rules and by-laws of the Association might be modified by Act of the General Assembly. Hence the plaintiff's intestate must be held to have accepted the certificate of membership with notice that its provisions could be "modified, canceled, or abridged" by legislative enactment. Under these circumstances this Act of the General Assembly would not be considered offensive to the constitutional provision against the passage of a law which impairs the obligation of a contract. Cons. United States, Art. I, sec. 10; *Faulk v. Mystic Circle,* 171 N. C., 301, 88 S. E., 431; *Helmholz v. Horst,* 294 F., 417. The constitutional prohibition is qualified by the measure of control which the state retains over remedial processes. *Home Building & Loan Asso. v. Blaisdell,* 290 U. S., 432 (434).

The laws in force at the time of the execution of the contract become a part of the convention. This embraces those which affect its validity, construction, discharge and enforcement. *Bateman v. Sterrett,* 201 N. C., 59, 159 S. E., 14. The modification imposed by the Act of the General Assembly is within the scope of the plan and purpose of the Association, and is not unreasonable. *Strauss v. Life Association,* 126 N. C., 971, 36 S. E., 352; *Wilson v. Heptasophs,* 174 N. C., 628, 94 S. E., 443. The deceased was buried in Guadalcanal by the Federal authorities. In the event his body should be returned to the territory served by defendant, the obligation to render prescribed funeral and burial service still subsists.

We conclude that the judgment that plaintiff's administrator recover of defendant $100 is not warranted by the facts agreed, and that the rights of the parties in the premises are governed by G. S., 58-241.1.

Reversed.