CLAYTON MUTUAL BURIAL ASSOCIATION, INC. v. OVERBY MUTUAL FUNERAL ASSOCIATION, INC.

No. 7111SC244

(Filed 14 July 1971)

Burial Associations; Administrative Law § 3— transfer of burial benefits — administrative regulation — excess of statutory authority

A regulation of the North Carolina Burial Commission which permits the transfer in money, from one funeral director to another, of a deceased member's burial benefits, is in excess of the statute authorizing "the transfer of a member's benefits in merchandise and services." G.S. 58-224.2.

APPEAL by defendant from Bailey, Judge, 16 November 1970 Session of JOHNSTON County Superior Court.

Plaintiff instituted this action before the North Carolina Burial Commission to require defendant to pay in money to plaintiff, pursuant to a regulation adopted by the North Carolina Burial Commission under the authority of G.S. 58-224.2, one-half of the burial benefits provided for under policies issued by defendant to Mrs. Alice C. Beddingfield, deceased, and Mrs. Edna Carpenter Moore, deceased, both of whom were buried by plaintiff's official funeral director, McLaurin Funeral Home of Clayton. From an adverse decision before the Burial Commission, defendant appealed to the Superior Court of Johnston County for a trial de novo.

After selection of the jury but prior to the hearing of the case the trial judge ruled that G.S. 58-224.2 was not an unconstitutional delegation of power by the Legislature and that the regulation of the North Carolina State Burial Commission, under which this action was instituted, was properly adopted pursuant to G.S. 58-224.2.

The evidence presented at the trial tended to show that both Mrs. Beddingfield and Mrs. Moore had burial policies with defendant, Mrs. Beddingfield's in the amount of $200.00 and Mrs. Moore's in the amount of $100.00; that plaintiff's funeral director conducted the funerals of each of the deceased; and that plaintiff's funeral director did not solicit either of the funerals.

At the close of all of the evidence, the trial judge granted a directed verdict in favor of plaintiff for $150.00 and defendant appealed to this Court.

*Spence & Mast by Robert A. Spence for plaintiff appellee.*

*Britt & Ashley by W. R. Britt; and L. Austin Stevens for defendant appellant.*

CAMPBELL, Judge.

The regulation of the North Carolina State Burial Commission under which plaintiff attempts to assert its right to one-half of the benefits in money under the policies of the two deceased is as follows:

"If a member dies, the official funeral director will pay fifty per cent of the benefits to any other official funeral director of a Burial Association, provided that the funeral was not solicited by the servicing funeral director or any of his agents or employees. The servicing funeral director shall allow the deceased member the full amount, in merchandise and services, of the deceased member's benefits. The Commissioner shall have authority to determine whether or not a funeral was solicited."

This regulation was adopted by the Burial Commission under the authority of G.S. 58-224.2 which reads:

"The Burial Association Commissioner, with the consent of the Commission, and after a public hearing, may promulgate reasonable rules and regulations for the enforcement of this article and in order to carry out the intent thereof. The Commission is authorized and directed to adopt specific rules and regulations to provide for the orderly transfer of a member's benefits in *merchandise and services* from the official funeral director of the member's

association to the official funeral director of any other mutual burial association in good standing under the provisions of this article." (Emphasis added.)

G.S. 58-224.2 permitted the adoption of a regulation providing for the transfer of a member's benefits in "merchandise and services." The regulation actually adopted and under which plaintiff instituted this action provides for the transfer of benefits but omitted "in merchandise and services."

The question presented is whether the construction placed upon the regulation is valid and within the authorization provided by the Legislature. Both the Burial Association Commissioner and the trial judge construed the word "benefits" as contained in the regulation to be tantamount to money. The statutory authorization specifically stated, "benefits in merchandise and services." Burial Associations historically have always given merchandise and services to their members and never have they attempted to give money. Money benefits would make a burial association more like a life insurance company than burial associations have ever attempted to be. We think the Legislature intended for burial associations to render benefits in merchandise and services and not in money. We are strengthened in this belief by the fact that the 1969 General Assembly refused to pass a provision in House Bill 1159 which contained the following proposed amendment to G.S. 58-224.2.

"Provided, however, the Commission is specifically authorized to promulgate regulations whereby the official burial association shall pay, in cash, up to one-half the funeral benefit to the official funeral director of any other mutual burial association, within the territory of the official funeral director that is not solicited notwithstanding any provisions of Article 10 of G.S. 58-226 . . . . "

We hold that the trial judge should not have granted plaintiff's motion for a directed verdict but should have granted a directed verdict in favor of the defendant. The judgment is reversed, and the case is remanded to the Superior Court for entry of a judgment in accordance with this opinion.

Reversed and remanded.

Chief Judge MALLARD and Judge HEDRICK concur.