Adair v. Burial Assoc.

IN THE MATTER OF: MRS. ROBERT ADAIR, REPRESENTATIVE OF MAGGIE BANGE, Deceased v. ORRELL'S MUTUAL BURIAL ASSOCIATION, INC.

No. 7319SC527

(Filed 26 September 1973)

1. Burial Associations— funeral benefits — cash payment to director rendering services

When funeral services are provided by a funeral director of any mutual burial association in good standing in N. C. for a decedent who was a member of another such association, the benefits of the decedent are not forfeited but are required to be paid in cash to the funeral director who actually renders the services. G.S. 58-226; G.S. 58-224.2.

2. Burial Associations; Constitutional Law § 25— payment of funeral benefits — provision for amendment of contract by law — statute not impairment of contract

Where the contract which defendant burial association entered with its members was made with the specific reservation that it could be amended by act of the General Assembly, a change in the statute forbidding payment of funeral benefits in cash which was in effect at the time the contract with plaintiff was made did not violate Article I, Section 10, Clause 1 of the U. S. Constitution which forbids a state to pass any law impairing the obligations of contracts.

3. Burial Associations— funeral benefits — cash payment to director rendering services

Where decedent was entitled to a $200 benefit provided under her certificate of membership issued by defendant burial association, but her funeral services were rendered by the funeral director of another association in good standing under N. C. Burial Association laws and regulations, statutes and regulations of the N. C. Mutual Burial Association Commission required that defendant pay the $200 benefit in cash to the funeral director who rendered decedent services. G.S. 58-224.2.

APPEAL by defendant from *Seay, Judge,* 19 February 1973 Session of Superior Court held in RANDOLPH County.

Pursuant to G.S. 58-241.4 this proceeding was instituted before the Burial Association Commissioner of North Carolina to require the defendant, Orrell's Mutual Burial Association, to pay in cash funeral benefits which were due its deceased member, Maggie Bange. The Burial Association Commissioner determined that the representative of the deceased member was entitled to receive the $200.00 funeral benefit in cash and directed the defendant association to make such payment. From

---

---

the decision of the Commissioner, defendant appealed to the Superior Court of Randolph County for a trial de novo. Jury trial was waived, and the parties agreed that the matter be heard by the court without a jury.

The facts were not in dispute. Maggie Bange joined Orrell's Mutual Burial Association, Inc., on 7 September 1959 and remained a member in good standing from that date until her death on 2 November 1971. Under her certificate of membership she was entitled to the maximum $200.00 benefit. At the direction of her daughter, Cumby Mortuary, Inc., handled the funeral services for Mrs. Bange and sought reimbursement in cash from Orrell's Mutual Burial Association of the $200.00 benefit to which Maggie Bange had been entitled. Orrell refused to make payment upon the basis that cash payments were prohibited by G.S. 58-226.

From a judgment awarding the $200.00 in cash, defendant has appealed.

*Miller, Beck and O'Briant, by Adam W. Beck, for plaintiff appellee.*

*DeLapp and Hedrick, by Robert C. Hedrick, for defendant appellant.*

BALEY, Judge.

Since 1941 mutual burial associations in North Carolina have been regulated by statute and operated under supervision of a burial association commissioner. In 1967 the North Carolina Mutual Burial Association Commission was created to assist the commissioner and make rules and regulations for the proper administration of the associations organized and operating under its authority. G.S. 58-226 provides a set of uniform by-laws and requires every burial association in the state to adopt them in their entirety. These by-laws are usually printed in full on certificates of membership and, in this case, were printed upon the certificate of membership in Orrell's Mutual Burial Association, Inc., which was furnished to Maggie Bange, its deceased member. Article 19 of these by-laws is as follows:

"These rules and by-laws shall not be modified, cancelled or abridged by any association or other authority except by act of the General Assembly of North Carolina."

The original purpose of the mutual burial associations as set out in the by-laws, among other things, was to provide a funeral benefit for each member in merchandise and services and "in no case shall any cash be paid." G.S. 58-226. Services were always to be provided by the official funeral director of the burial association of which decedent was a member. Transfer of a deceased member's burial benefit in cash could not be compelled. *Burial Assoc. v. Funeral Assoc.*, 11 N.C. App. 723, 182 S.E. 2d 275.

: · After the decision in *Burial Assoc. v. Funeral Assoc., supra,* the General Assembly in 1971 amended G.S. 58-224.2 to permit surviving representatives of the decedent to choose a funeral director and to transfer members' benefits in cash. The relevant portions of the statute now read as follows:

> "The Burial Association Commissioner, with the consent of the Commission, and after a public hearing, may promulgate reasonable rules and regulations for the enforcement of this Article and in order to carry out the intent thereof. The Commission is authorized and directed to adopt specific rules and regulations to provide for the orderly transfer of a member's benefits in cash or merchandise and services from the official funeral director of the member's association to the official funeral director of any other mutual burial association in good standing under the provisions of this Article."

Pursuant to this statute the Commission adopted the following regulations:

> "On and after November 1, 1971, if a member of a Mutual Burial Association dies, the secretary-treasurer of the Burial Association of the deceased member will pay in cash 100% of the deceased member's benefits to any official funeral director of a Burial Association that furnishes funeral services. Said payments shall be made within 30 days after the request for payment, which request shall be made in writing by the next of kin of the deceased or by any person who contracts for the burial of the deceased or by the official funeral director furnishing such services when requested to do so by the next of kin or the person contracting for burial of the deceased."

[1]  The amendment to G.S. 58-224.2 and the adoption of the regulation by the Commission were effective at the time of the death of Maggie Bange on 2 November 1971. Under these changes, by statute and regulation, when funeral services are provided by a funeral director of any mutual burial association in good standing in North Carolina for a decedent who was a member of another such association, the benefits of the decedent are not forfeited but are required to be paid in cash to the funeral director who actually renders the services.

In the present case it was stipulated that Cumby Mutual Burial Association, Inc. was a mutual burial association in good standing under the North Carolina Burial Association laws and regulations and that Cumby Mortuary, Inc. was its official funeral director and performed the funeral services for Maggie Bange.

[2]  Defendant contends that G.S. 58-226 which provided "and in no case shall any cash be paid" was in effect at the time the certificate of membership was issued to Maggie Bange and is controlling; that to permit any change would violate Article I, Section 10, Clause 1 of the United States Constitution which forbids a state to pass any law impairing the obligations of contracts.

The contract which the defendant association entered with its members was made with the specific reservation that it could be amended by act of the General Assembly. In *Spearman v. Burial Association,* 225 N.C. 185, 187, 33 S.E. 2d 895, 896, the court in holding that there was no impairment of the obligations of contract stated:

"Hence the plaintiff's intestate must be held to have accepted the certificate of membership with notice that its provisions could be 'modified, canceled, or abridged' by legislative enactment. Under these circumstances this Act of the General Assembly would not be considered offensive to the constitutional provision against the passage of a law which impairs the obligation of a contract. Cons. United States, Art. I, sec. 10; *Faulk v. Mystic Circle,* 171 N.C., 301, 88 S.E., 431; *Helmholz v. Horst,* 294 F. 417. The constitutional prohibition is qualified by the measure of control which the state retains over remedial processes. *Home Building & Loan Asso. v. Blaisdell,* 290 U.S., 398 (434)."

---
Adair v. Burial Assoc.
---

The modification in the statute and regulations which would permit the selection of a funeral director by representatives of decedent is a reasonable change and would seem to be within the general purpose for which the association was formed. Present day society is so mobile that provisions which will facilitate transfer of benefits would appear to be in the public interest.

The portion of G.S. 58-226 prohibiting any cash payment was removed by the General Assembly effective 22 May 1973, but, in any event, the amendment to G.S. 58-224.2 to permit cash payments was passed at a later date and would prevail over prior law which might be in conflict.

Defendant cites *Kenton & Campbell Benevolent Burial Ass'n v. Quinn*, 244 Ky. 260, 50 S.W. 2d 554 (1932), in support of its position. This case is distinguishable because the Kentucky burial association regulations did not contain any reserved-power clause corresponding to Article 19 of the North Carolina by-laws.

[3] The undisputed facts show that at the time of her death Maggie Bange was entitled to the $200.00 benefit provided under her certificate of membership issued by Orrell's Mutual Burial Association. Her funeral services were rendered by Cumby Mortuary, funeral director of an association in good standing under North Carolina Burial Association laws and regulations. The amendment to G.S. 58-224.2 and the regulation adopted by the North Carolina Mutual Burial Association Commission clearly require the defendant to pay the $200.00 benefit in cash to an official funeral director of a properly qualified burial association.

The judgment of the trial court is affirmed.

Affirmed.

Judges CAMPBELL and VAUGHN concur.